IN THE UNITED STATES DISTRICT COURT FOR THE MASSACHUSETTS

FILED IN CLERKS OFFICE
2021 MAY 11 PM 12:18
U.S. DISTRICT COURT
DISTRICT OF MASS.

CHARLES DAVIS
  Plaintiff

V.

Joseph D. McDonald Jr.
  Sheriff of Plymouth County Correctional Facility,
  "Defendant"

Paul Gavoni
  Assistant Deputy Sheriff of Plymouth County Correctional Facility
  "Defendant"

Captain Nye
  Supervisor of the Inner Perimatar Security Team for Plymouth County Correctional Facility
  "Defendant"

Complaint
Civil Action
NO. _____

1

Amy Stock
Mental Health Clinician at Plymouth County Correctional Facility.
"Defendant"

Sherri Crosely
Mental Health Clinician at Plymouth County Correctional Facility "Defendant"

## I  JURISDICTION & VENUE

1. This is a Civil Action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of State Law, of rights secured by the Constitution of the United State. This Court has Jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks Declaratory Relief pursuant to 28 U.S.C. 2201 and 2202 Plaintiff's Claims for Injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rule of Civil Procedure.

2. The District of Massachusetts is the appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

## II. Plaintiff

3. Plaintiff Charles Davis is and was at all times mentioned herein a prisoner of the State of Mass. in the custody of the Plymouth County Correctional Facility. He is currently confined in Old Colony Correctional Center in Bridgewater Mass.

## III. Defendants

4. Defendant Joseph D. McDonald Jr. is the Sheriff of Plymouth County Correctional Facility. He is legally responsible for the overall operation of the Plymouth County Correctional Facility.

5. Defendant Paul Gavoni is the Assistant Deputy

Sheriff of Plymouth County Correctional Facility Unit H-2 Supervisor HE IS Responsible for the overall operation of that unit and for the welfare of all the prisoner's of that unit. who at all times mentioned In this Complaint.

6. Defendant Captain NyE IS A Supervisor of the Inner Perimeter Security for Plymouth County Correctional facility, who at all times mentioned In this Complaint.

7. Defendant Amy Stock IS A Mental Health Clinician Contracted By a outside vender, But she works at Plymouth County Correctional facility, who at all times mentioned In this Complaint.

8. Defendant Sherri Crosely Is A mental Health Clinician Contracted by a outside vender, But She works At Plymouth County Correctional Facility. who at all time mentioned In this Complaint.

4.

9. Each Defendant is sued Individually and in his or her official Capacity. At all times is mentioned in this Complaint each Defendant acted under the Color of State Law.

### III Facts

10. The Plaintiff was Confined at Plymouth County Correctional facility awaiting trial for about 44 months, and During that time, the Plaintiff followed all the Rules and Regulations, He made a Number of medical Request, Done through the Proper Procedures, Because His main Concern was to Receive medical Treatment.

11. So Because He was a Disable United States Navy Veteran, He try with all His might to explain to these Defendants that He suffered from PTSD and MST For over 35 years Continuouly, which the Plaintiff was Prescibed medication For, and He was In Need of His meds.

5.

12. When the Defendants Refused to treat the Plaintiff He Begg them to get Intouch with veteran Administration Hospital, So After A Few calls were made It was confirmed that the Plaintiff was Being truthful About His Diagnose, About Four months latter the Plaintiff Received the medication.

13. Upon Information And belief these Defendants were working In concert with D.A. Courtney Cahill to try to Break the Plaintiff So that He would Plead Guilty. So this Delay In Him Receiving His Medication caused the Plaintiff to Suffer tremendously, which lead to A Relapse In His mental Condition. And these are some of the things that occured Nightmares, Nightsweats Sleepless Night And Severe Anxiety'.

14. Even caused Plaintiff's body to Begain to hurt on A Daily Basis, # to the Point that It was Impossible for Him to concentrate on anything, At A time when He was Fighting A court case.

15. This Plaintiff Did everything he could to try to sound the Alarm About His Situation, He Filed 33 grievances trying to Express, what He was suffering And never, not one time Did these Defendants even Consider his mental Illness, They Just Retaliated much harder harassing the Plaintiff at every turn. The grievances will be added as Exhibits and there will also Be a witness Clinician mental Health worker SHArDAe,

## IV. EXHAUSTION OF LEGAL REMEDIES

16. Plaintiff CHARLES DAvis DiD use the Prisoner grievance Procedure Available At Plymouth County Correctional Facility, In a Attemp to try And Solve the Problems, These grievances filed by Plaintiff Charles Davis Presented the facts relating to this Complaint. And All 33 Grievances were Denied and the Appeals were Denied Also.

## V. LEGAL CLAIMS

17. Plaintiff Reallege And Incorporate by reference Paragraphs 1-16

7.

18. The Defendants Deliberate Indifference to medical Needs, violated the Plaintiff rights to Free From cruel and unusual Punishment, Due Process violation, under the Eighth and Fourteenth Amendment to the United States constitution.

19. The Plaintiff Has No Plain, Adequate or Complete Remedy at Law to redress the wrongs Discribed herein Plaintiff Has been and will continue to be Irreparably Injured by the conduct of the Defendants unless this court grants the Declaratory and Injunctive relief which Plaintiff Seeks.

## VI Prayer For Relief

Wherefore, Plaintiff Respectfully Prays that this Court enter Judgement granting Plaintiffs:

20. A Declaration that the Acts and omissions Described herein violation Plaintiff's Rights under the Constitution and Laws of the United States.

8.

21. A Preliminary and Permanent Injunction ordering Defendants to stop trying to break a Prisoner's Spirit so that they would plead out, with out a Right for Due Process.

22. Compensatory Damages in the amount of $1.5 million Dollars Against each Defendant Jointly and Severally.

23. Punitive Damages in the amount of $1.5 million Dollars Against each Defendant.

24. A Jury trial on All Issues triable by Jury.

25. Plaintiff's Cost in this Suit.

26. Any additional Relief this Court Deem Just, Proper and equitable.

Date: 3/15/2021

Respectfully Submitted,

[signature]

Charles Davis
One Administration Road
Bridgewater MA. 02324