UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES DAVIS,<br><br>   Plaintiff,<br><br>  v.<br><br>JOSEPH D. MCDONALD, JR., et al.,<br><br>   Defendants. | Civil Action No. 21-cv-10571-LTS |

MEMORANDUM AND ORDER

July 16, 2021

SOROKIN, D.J.

  *Pro se* plaintiff Charles Davis, who is incarcerated at the Old Colony Correctional Center, has filed a civil complaint in which he alleges that he received inadequate mental health care when he was confined at the Plymouth County Correctional Facility ("PCCF") as a pretrial detainee. Davis has also filed motions for leave to proceed *in forma pauperis* and for the appointment of counsel. For the reasons stated below, the Court will GRANT the motions for leave to proceed *in forma pauperis*, deny the motion for counsel, and direct Davis to file an amended complaint.

**I.  Motion for Leave to Proceed in Forma Pauperis**

  Upon review of Davis's motions for leave to proceed *in forma pauperis*, the Court concludes that he is unable to prepay the filing fee and GRANTS the motions. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses and initial partial filing fee of $260.80. The remainder of the filing fee, $89.20, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

II.     **Review of the Complaint**

    A.     **Court's Authority to Conduct a Preliminary Review of the Complaint**

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint pursuant to 28 U.S.C. § 1915(e)(2). Similarly, under 28 U.S.C. § 1915A, a prisoner complaint seeking redress from a governmental entity or its officers or employees are subject to a preliminary screening. Both these statutes authorize federal courts to dismiss a complaint *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b). In conducting this review, the Court liberally construes the complaint because Davis is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

    B.     **Davis's Allegations**

Davis brings this action against the Plymouth County Sheriff Joseph D. McDonald, Jr.; Paul Gavoni, Plymouth County Assistant Deputy Sheriff; Captain Nye, the supervisor of the inner perimeter security team at PCCF; and, PCCF mental health clinicians Any Stock and Sherri Crosely.

Davis represents that he was confined at PCCF as a pretrial detainee for forty-four months. He also represents that he is a war veteran who suffers from post-traumatic stress disorder ("PTSD") and "MST" for which he had been prescribed medication.[1]

---

[1] The Court is not familiar with the initialism "MST" but assumes that Davis is referring to military sexual trauma. *See* https://www.mentalhealth.va.gov/docs/mst_general_factsheet.pdf (last visited July 14, 2021). To the extent the Court is mistaken in this assumption, the error does not have any effect on this order.

Davis asserts that he tried "with all his might to explain to these defendants" that he had had these conditions for over thirty-five years and that he needed his medication. Davis claims that, after he begged them to do so, the defendants contacted a VA hospital and were informed that Davis was being truthful about his diagnosis. Davis represents that, approximately four months later, he received the prescribed medication.

Davis alleges that the defendants "were working in concert with D.A. Courtney Cahill to try to break the plaintiff so that he would plead guilty." Compl. ¶ 13. He further avers that "this delay in him receiving his medication cause the plaintiff to suffer tremendously, which lead [sic] to a relapse in his mental condition," which caused him to experience, *inter alia*, nightmares, nightsweats[,] sleepless night and severe anxiety." *Id.* Davis also claims that, because of the delay in receiving his medication, his body began to hurt "on a daily basis . . . to the point that it was impossible for him to concentrate on anything, at a time when he was fighting a court case." *Id.* ¶ 14. Davis asserts that the defendants violated his rights under the Eighth and Fourteenth amendments to the United States Constitution.

### C.     Discussion

Davis's complaint fails to state a claim upon which relief may be granted because he does not adequately identify the alleged misconduct of each defendant. Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the statement of the claim must "at least set forth minimal facts as to who did what to

whom, when, where, and why." *Id.* (quoting *Educadores*, 367 F.3d at 68). The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Further, where a litigant brings an action under 42 U.S.C. § 1983, which is the statute under which a person may sue for the violation of his constitutional rights by state actors, only individuals who directly participated in the alleged constitutional violation may be held liable. A warden or other supervisory prison official is not liable for the misconduct of its subordinates simply on the basis that the official has authority over the persons who directly participated in the alleged constitutional violation. *See Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005). For example, the Plymouth County Sheriff Barnstable County official cannot be held liable under § 1983 based solely on the misconduct of a subordinate; the sheriff himself must have had some form of participation in the alleged misconduct. *See id.*; *see also Feliciano-Hernandez v. Pereira-Castillo*, 663 F.3d 527, 536 (1st Cir. 2011) ("[N]ot every official who is aware of a problem exhibits deliberate indifference by failing to resolve it." (internal quotation marks omitted)).

Here, Davis's complaint does not state a claim upon which relief may be granted because he does not identify the specific misconduct of each individual. Rather, Davis refers collectively to the "defendants" when the factual allegations do not necessarily support a reasonable inference that each defendant was involved in every aspect of the alleged misconduct. This "lumping" of defendants is impermissible when it cannot be reasonably inferred that all defendants were involved in a particular aspect of the alleged misconduct. *See Bagheri v. Galligan*, 160 Fed. Appx. 4, 5 (1st Cir. 2005) (upholding district court's dismissal of action where the original complaint did not "state clearly which defendant or defendants committed

each of the alleged wrongful acts" and the plaintiff had failed to cure the pleading deficiencies); *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff]'s complaint failed to satisfy [the] minimum standard" of pleading under Fed. R. Civ. P. 8(a).). For example, the Court cannot reasonably infer that Sheriff McDonald and the PCCF mental health clinicians had the same role in denying Davis his medication for four months. Moreover, because a claim under § 1983 may only be brought against parties that were personally involved in the alleged constitutional violations, it becomes particularly important that Davis's statement of his claim include allegations specific to each defendant.

Davis filed 126 pages of exhibits with his complaint. It may be that, within these pages, are documents which identify what each defendant allegedly did wrong. However, neither the Court nor the parties are required to sift through numerous documents to surmise the possible ground of liability for each defendant. Exhibits to a complaint are permitted, but a plaintiff is not required at the pleading stage to provide evidence of alleged facts. The body of the complaint must provide each defendant with notice of the alleged factual allegations against it. Further, any exhibits must be specifically referenced in the body of the complaint.

### D. Filing of an Amended Complaint

If Davis would like to proceed with this action, he must, within 42 days of the date of this Memorandum and Order, file an amended complaint in which he clearly identifies the alleged misconduct of each defendant. Because the amended complaint will completely replace the original complaint, the amended complaint must contain all claims Davis wishes to assert. The Court will conduct a preliminary review of the amended complaint before any summonses issue.

### III. Motion for Appointment of Counsel

Although the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel, *see DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991).  The Court does not have the funds to pay attorneys to represent plaintiffs in civil cases, and it relies on volunteer attorneys willing to represent a litigant without compensation.

The appointment of counsel in a non-habeas civil action is only required where a party is indigent and exceptional circumstances exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  *See DesRosiers*, 949 F.2d at 23.  To determine whether appointment of counsel is required, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  *See id.* at 24.

At this stage of the litigation, exceptional circumstances requiring the appointment of counsel do not exist.  The Court will therefore deny without prejudice the motion for appointment of counsel.  Davis may renew the motion once he has filed an amended complaint, the Court has ordered that summonses issue, and the defendants have responded to the amended complaint.

### IV. Conclusion

In accordance with the foregoing, the Court hereby orders:

1.  The motion for leave to proceed *in forma pauperis* is GRANTED.  the Court assesses and initial partial filing fee of $231.82.  The remainder of the filing fee, $118.18, shall

be collected in accordance with 28 U.S.C. § 1915(b)(2).  The Clerk shall provide a copy of this Order to the treasurer of the institution having custody of Davis.

      2.      The motion for appointment of counsel is DENIED without prejudice.

      3.      If Davis wishes to proceed with this action, he must, within forty-two (42) days, file an amended complaint that cures the above-discussed pleading deficiencies.  Failure to comply with this directive may result in dismissal of this action.

      SO ORDERED.

                                      /s/ Leo T. Sorokin
                                  UNITED STATES DISTRICT JUDGE