UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES DAVIS,<br><br>      Plaintiff,<br><br>      v.<br><br>JOSEPH D. MCDONALD, JR., et al.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 21-cv-10571-LTS<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER

January 4, 2022

SOROKIN, D.J.

*Pro se* plaintiff Charles Davis, who was incarcerated at the Old Colony Correctional Center when he commenced this action, filed a civil complaint in which he alleged that he received inadequate mental health care when he was confined at the Plymouth County Correctional Facility ("PCCF") as a pretrial detainee. In an earlier order, the Court granted Davis's motion for leave to proceed *in forma pauperis* and directed him to file an amended complaint. Doc. No. 12. The amended complaint, Doc. No. 19, is now before the Court for a preliminary screening pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

In his original complaint, Davis brought claims against the Plymouth County Sheriff Joseph D. McDonald, Jr.; Paul Gavoni, Plymouth County Assistant Deputy Sheriff; Captain Nye; and, PCCF mental health clinicians Any Stock and Sherri Crosely. Referring collectively to all the defendants, he claimed that they had failed to provide him needed previously prescribed medication to treat trauma he suffered while serving in the United States military. Davis claimed

that, after begging them to do so, the defendants contacted a VA hospital and were informed that Davis was being truthful about his diagnosis. Davis represented that, approximately four months later, he received the prescribed medication. Davis did not indicate when the defendants' alleged misconduct occurred.

On its preliminary review of the complaint, Doc. No. 12, the Court found that Davis's complaint failed to state a claim upon which relief could be granted because he did not adequately identify the alleged misconduct of each individual defendant. The Court explained that a complaint must give each defendant fair notice of a plaintiff's claim, including the minimal facts as to who did what, when, where, and why. The Court also stated that, to state a claim under 42 U.S.C. § 1983, a pleading must contain allegations from which the Court could reasonably infer that each defendant directly participated in a violation of Davis's federal rights. The Court directed Davis to file an amended complaint.

Davis's amended complaint, Doc. No. 19, does not cure the pleading deficiencies of the original complaint. The amended complaint is composed of two parts. The first part, pages 1-9, consists of Davis's original complaint. The second part, pages 10-15, contains additional allegations against these defendants. These additional allegations do little to clarify Davis's claims concerning the denial of his medications. Davis does not state when the alleged actions concerning the denial of proper medication or any other alleged misconduct occurred. He does not indicate to whom he made the requests for medication. He makes conclusory allegations of racial discrimination. Other allegations of negligent or unprofessional conduct or failure to respond to grievances do not state a violation of constitutional rights.

Accordingly, this action is DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

SO ORDERED.

    /s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE